UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUSTIN MICHAEL SLAUGHTER
649 S. Conestoga St.
Philadelphia, PA 19143

    *Plaintiff,*

    v.

UNITED STATES DEPARTMENT OF THE
AIR FORCE
1670 Air Force Pentagon,
Washington, DC 20330

    *Defendant.*

Civil Action No. 24-862

## COMPLAINT

Plaintiff Dustin Michael Slaughter ("Plaintiff") brings this judicial review and action against The United States Department of the Air Force ("Defendant" or "Air Force" or "NASIC"). In support thereof, Plaintiff states as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks information pertaining to unidentified aerial phenomena, unidentified aerospace phenomena, unidentified flying objects, and unidentified unmanned aerial systems and vehicles. The best representation of Plaintiff's request is the

    National Air and Space Intelligence Center ("NASIC") letter, dated April 11, 2023, quoting Plaintiff's properly submitted request, attached to this Complaint as Exhibit 101.

3. Defendant has violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to produce the responsive, non-exempt records according to law.

## PARTIES

4. Plaintiff, Dustin Michael Slaughter, is a freelance investigative journalist who reports on the government and unidentified anomalous phenomena ("UAP") for The UAP Register. Plaintiff made the request at issue in this judicial review on April 5, 2023.

5. Defendant, the United States Department of the Air Force, is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to this request.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This case presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's FOIA Request

8. Plaintiff is a freelance journalist seeking information for investigative reporting, examining the intersection of unidentified anomalous phenomena and government

bureaucracy. The purpose for requesting the records is for news gathering and journalism, and not for commercial use.

9. On April 5, 2023, Plaintiff submitted a FOIA request for records to NASIC. Exhibit 101 is Plaintiff's FOIA Request Language and Defendant's Confirmation of Receipt and it is attached and made part of this Complaint.

10. Plaintiff made an initial request for "[a]ll documentation submitted by U.S. Air Force personnel to the National Air and Space Intelligence Center pertaining to unidentified aerial phenomena, unidentified aerospace phenomena, unidentified flying objects, and unidentified unmanned aerial systems and vehicles." *Id.* The time period of the request is "from March 1, 2022, up to and including the date this request is officially processed." *Id.*

11. On April 11, 2023, NASIC confirmed receipt of the request. *Id.* In the letter, Defendant stated that Plaintiff's request was placed in the "Complex processing track" and that "[a] response is estimated to be sent to you by 23 May 2023." *Id.* Defendant also stated that it would advise Plaintiff if a response could not be provided within the FOIA statutory timeline. *Id.*

12. On May 5, 2023, Defendant emailed Plaintiff and stated that Defendant was working with the Office of Primary Responsibility ("OPR") to determine which office contained the requested information. Defendant also stated, "we no longer hold UAP information here." Exhibit 102 is the Email Correspondence from May 5, 2023, to May 11, 2023, and it is attached and made part of this Complaint.

13. On May 5, 2023, Plaintiff requested clarification from Defendan that NASIC no longer holds information on UAP. *Id.* at 2. On May 8, 9, and 11, 2023, Plaintiff sent follow-up emails requesting clarification on Defendant's May 5, 2023, email. *Id.* at 3-4.

14. On May 16, 2023, NASIC emailed Plaintiff stating that "[a]n extension of time is needed to search for and review the records you requested." Exhibit 103 is Defendant's Email from May 16, 2023, and it is attached and made part of this Complaint.

15. On May 23, 2023, Plaintiff made his first estimated completion date ("ECD") demand. On May 23, 2023, and May 24, 2023, Plaintiff again requested clarification regarding Defendant's May 5, 2023, email which stated that NASIC no longer holds UAP information. Exhibit 104 is Plaintiff's First ECD Demand and Clarification Emails from May 23, 2023 and May 24, 2023, and it is attached and made part of this Complaint.

16. On August 22, 2023, Plaintiff emailed NASIC requesting information on whether UAP data in NASIC's possession was being transferred to the All-domain Anomaly Resolution Office ("AARO"). On August 28, 2023, Plaintiff emailed NASIC inquiring if a NASIC Public Affairs Officer ("PAO") would be issuing a statement. Exhibit 105 is Plaintiff's Emails from August 22, 2023, and August 28, 2023, and it is attached and made part of this Complaint.

17. On September 14, 2023, Plaintiff sent NASIC a second ECD demand. Exhibit 106 is Plaintiff's Second ECD Demand and Email Correspondence from September 14, 2023, and September 15, 2023, and it is attached and made part of this Complaint.

18. On September 15, 2023, NASIC emailed Plaintiff stating that an estimate for this request "or any other cases related to UAPs" could not be provided "as they go to a different office, and they have been unresponsive." *Id.*

19. On September 15, 2023, Plaintiff requested clarification from NASIC that the records sought by Plaintiff were in possession of the Department of Defense ("DOD"). Exhibit

107 is Email Correspondence from September 15, 2023, through September 20, 2023, and it is attached and made part of this Complaint.

20. On September 18, 2023, NASIC responded to Plaintiff stating that NASIC "cannot confirm or deny that we have the files." *Id.*

21. On September 18, 2023, Plaintiff asked whether NASIC would be issuing a final determination letter or if NASIC's September 18, 2023, email was a final response. *Id.* at 3.

22. On September 20, 2023, NASIC stated, "[we] are working on transferring this request to the correct office that would have authority over any kind of UAP records. Meaning that this request is still being worked and no final determination has been made." *Id.* at 4.

23. On October 25, 2023, Plaintiff narrowed the scope of his request to videos only. Exhibit 108 is Plaintiff's Narrowing Email from October 25, 2023, and it is attached and made part of this Complaint.

24. On November 2, 2023, Plaintiff made a third ECD demand, noting, *inter alia,* that "the 20-day statutory time frame plus extension your agency exercised have clearly passed." Exhibit 109 is Plaintiff's Third ECD Demand and Email Correspondence from November 2, 2023, and November 3, 2023, and it is attached and made part of this Complaint.

25. On November 3, 2023, NASIC stated, "[w]e have been working this request and trying to coordinate with the appropriate entities. Today we received information that we should be expecting a response back by mid next week." *Id.* at 5.

26. On November 8, 2023, Plaintiff asked whether NASIC "intended to refer this request to the AARO" and if so, to "send [Plaintiff] the appropriate appellate information." Exhibit

110 is Email Correspondence from November 8, 2023, and November 9, 2023, and it is attached and made part of this Complaint.

27. On November 9, 2023, NASIC stated that "it was discovered that we do not have documentation stating that NASIC UFO, UAP, etc. records belong to the AARO office." Exhibit 110. NASIC further stated it was "processing this request as of last week," and that it was awaiting a response from the OPR on the request. *Id.*

28. On November 9, 2023, Plaintiff sent a fourth "ECD" demand and sought to clarify that Defendant had received his previous email narrowing the scope of the request to videos only. Exhibit 111 is Plaintiff's Fourth ECD Demand and Clarification Email from November 9, 2024, and it is attached and made part of this Complaint.

29. On or about November 12, 2023, Plaintiff made a fifth ECD demand and sent a memorandum detailing the request itself and how Defendant had failed to comply with its requirements under FOIA. Exhibit 112 is Plaintiff's Fifth ECD Demand and Memorandum Dated November 12, 2024, and it is attached and made part of this Complaint.

30. On or about November 14, 2023, NASIC emailed Plaintiff and stated that the OPR "was not able to locate any records." NASIC also attached a final determination letter that it referred to as a "No Records Found form." The letter stated, "[a] search was conducted to locate any records you requested, and no records could be located. If you interpret this 'No Records' response as an adverse action, you may appeal it to the Secretary of the Air Force… " Exhibit 113 is Defendant's Final Determination Letter Dated November 14, 2023, and it is attached and made part of this Complaint.

31. On December 18, 2023, Plaintiff mailed his administrative appeal (dated December 13, 2023), via certified mail, to the address listed on the final determination letter found in Exhibit 113. Exhibit 114 is Plaintiff's Administrative Appeal and it is attached and made part of this Complaint.

32. Plaintiff's USPS Certified Mail return receipt as well as USPS tracking records show that Defendant received Plaintiff's administrative appeal on December 26, 2023. Exhibit 115 is Plaintiff's USPS Certified Mail Return Receipt and USPS Tracking and it is attached and made part of this Complaint.

33. On January 31, 2024, Defendant confirmed receipt of Plaintiff's Administrative Appeal. The letter notified Plaintiff that his request was placed in the "Complex processing track" and that Defendant estimated that it would provide a response "within 30 working days." Exhibit 116 is Defendant's Email and Letter Confirming Receipt of the Administrative Appeal and it is attached and made part of this Complaint.

34. 20 working days passed on February 29, 2024. The extension for an additional 10 working days passed on March 14, 2024. Defendant has not issued a determination on Plaintiff's administrative appeal. Defendant has not produced any records responsive to Plaintiff's FOIA request.

35. Plaintiff has exhausted all administrative remedies and this matter is ripe for de novo judicial review.

## LEGAL FRAMEWORK OF FOIA

36. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that

reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

37. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. § 552(a)(4)(B).

38. Under FOIA, the federal agency has the burden to sustain its actions. *Id*.

39. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

40. Plaintiff realleges paragraphs 1 through 39 above as if fully set forth herein.

41. The request in this matter seeks the disclosure of all agency records responsive to Plaintiff's request and was properly made.

42. The United States Department of the Air Force is a federal agency subject to the FOIA.

43. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

44. The United States Department of the Air Force failed to issue a determination on Plaintiff's request and a determination on Plaintiff's administrative appeal within the statutory deadline.

**COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

45. Plaintiff realleges paragraphs 1 through 44 above as if fully set forth herein.

46. The United States Department of the Air Force has failed to conduct a reasonable search for all records responsive to the request.

**COUNT III – DEFENDANT'S FAILURE TO PRODUCE RECORDS**

47. Plaintiff realleges paragraphs 1 through 46 above as if fully set forth herein.

48. The United States Department of the Air Force has failed to promptly produce all records, or portions of records, responsive to the Plaintiff's request.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for all records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to make all non-exempt records or portions of records promptly available to Plaintiff;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff's attorney fees and costs; and,

vii. Award such other relief the Court considers appropriate and just.

Dated: March 26, 2024

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Lead attorney for Plaintiff*