**Exhibit 112**



Dustin M. Slaughter
The UAP Register
649 S. Conestoga St.
Philadelphia, PA 19143
DustinSlaughter@protonmail.com
DustinSlaughter@proton.me
C: 267-581-2706

**NASIC MEMORANDUM - FOIA Request #2023-03144-F**

Below are the reasons that the National Air and Space Intelligence Center possesses records responsive to my request, which originally sought: "All documentation submitted by U.S. Air Force personnel to the National Air and Space Intelligence Center pertaining to unidentified aerial phenomena, unidentified aerospace phenomena, unidentified flying objects, and unidentified unmanned aerial systems and vehicles … from March 1, 2022 to April 11, 2023," but which now seeks only videos from this timeframe (per a notification I sent to the NASIC on October 25, 2023). This memorandum also details why I am proceeding with further legal action in this matter.

**BASIC PROCEDURAL HISTORY:**

On April 5, 2023, Dustin M. Slaughter sent a request under the Freedom of Information Act. NASIC/USAF received the request on April 11, 2023, and the request was given FOIA number 2023-03144-F. NASIC indicated in an acknowledgment letter that it would "provide a response to your request within 30 working days."

On May 5, 2023, NASIC indicated that it no longer holds information on unidentified anomalous phenomena and that it was "currently working with your OPR [Office of Primary Responsibility] to try and find what office contains the information you are asking for … We hope to have an update next week."

After repeated attempts to clarify whether NASIC holds records responsive to this request – specifically on May 5, May 8, May 9, and May 11 – your office responded on May 16 indicating that an extension would be necessary "to search for and review the records you requested."

On August 21, I spoke to someone at your office seeking clarification on your office's May 5 statement. I was told that the All-domain Anomaly Resolution Office would need to issue a response to this request.

I then contacted NASIC's Public Affairs Office (PAO) seeking comment on this development, believing that it was newsworthy that NASIC was no longer heeding its

Congressional mandate. I spoke to Michelle Martz, who told me that she would look into the matter and get back to me with a statement. Miss Martz never did.

Deciding to obtain confirmation of this in writing before taking further action, I followed up via email with NASIC's PAO on August 22 and August 28. I received no response.

On September 15, after repeated attempts to obtain an Estimated Completion Date from NASIC, I once again sought clarification via email about the provenance of any records responsive to my request.

On September 18, your office issued an informal GLOMAR response via email, indicating that it could "not confirm or deny that we have the files."

On September 18, I responded by asking if your office's GLOMAR response would be the final determination in this matter, or if a formal final determination letter would be issued.

On September 20, your office responded that no final determination had been issued because "we are working on transferring this request to the correct office that would have the authority over any kind of UAP records."

On October 25, I notified your office that I was narrowing the scope of my request to videos ONLY. On November 9, I requested confirmation that you had received this adjustment to my request. I have not received confirmation to-date.

On November 2, I emailed a lengthy demand for an Estimated Date of Completion.

On November 3, your office indicated that you were "continuing to coordinate with the appropriate entities … [and] that we should be expecting a response back by mid-next week."

On November 9, your office indicated that it is now processing this request "as of last week [and that] we are currently awaiting a response from the OPR for this request, we have been diligently emailing and requesting updates on the status of this request. We will provide a response to this request as soon as we receive information from the OPR." Additionally, your office confirmed on this date that "it was discovered that we do not have documentation stating that NASIC UFO, UAP, etc. records belong to the AARO office."

I responded on November 9 that I would still appreciate an EDC as soon as possible.

**WHY NASIC POSSESSES UAP DATA – AND WHY IT MUST RELEASE THIS DATA**

NASIC, by various statutes, is required to possess records responsive to the above-captioned request, is subject to the Freedom of Information Act, and is therefore required by law to produce copies of records – in this instance, videos – of unidentified anomalous phenomena, or UAP; based on the following reasons:

1) On March 15, 2022, President Joe Biden signed into law the Intelligence Authorization Act for FY 2022.
2) The overall purpose of the IAA is to provide "funding for the United States Intelligence Community (IC) [and ensure] that it has the resources, personnel, and authorities it needs to protect the country and inform decision-makers. The IAA also strengthens congressional oversight of the IC's methods of collecting and analysing information," according to the House Intelligence Committee.
3) **Section 345 of the IAA FY 2022 (Support for and Oversight of Unidentified Aerial Phenomena Task Force) "...** directs the DNI [Director of National Intelligence] and the Secretary of Defense to require each IC [Intelligence Community] element and the Department of Defense to make data relating to unidentified aerial phenomena available immediately to the Unidentified Aerial Phenomena Task Force **and the National Air and Space Intelligence Center."** *[Emphasis added]*.
4) Christopher Mellon, a former Assistant Secretary of Defense for Intelligence, wrote last year in a lengthy article titled **'Why is the Air Force AWOL On the UAP Issue?'** that the Air Force historically has been very resistant to UAP transparency. In that article, Mr. Mellon wrote: "There are other recent allegations of USAF resistance to sharing UAP information. I understand that USAF personnel have been warned not to directly approach the UAP Task Force (or its successor) with UAP information but instead to take any UAP reports to the USAF's National Air and Space Intelligence Center (NASIC)." If these allegations are true, it means that NASIC does indeed possess records responsive to my request.
5) NASIC has been unable to provide an Estimated Date of Completion for this request since May.
6) The 20 working day deadline permitted by law has been violated in this matter, as has the 10 working day extension granted to the agency by the FOIA.

It is for the reasons stated above that this requester has no other recourse than to seek judicial relief in this matter.

Dustin M. Slaughter