**Exhibit 114**

Dustin M. Slaughter
649 S. Conestoga Street
Philadelphia, PA 19143
DustinSlaughter@protonmail.com
267-581-2706

December 13, 2023

Secretary of the Air Force
Thru: NASIC/SCPD (FOIA)
4180 Watson Way
Wright-Patterson AFB OH 45433-5648

To Whom It May Concern:

Please consider this a formal appeal pursuant to the Freedom of Information Act regarding FOIA case #2023-03144-F, which seeks:

"All videos submitted by U.S. Air Force personnel to the National Air and Space Intelligence Center pertaining to unidentified aerial phenomena, unidentified aerospace phenomena, unidentified flying objects, and unidentified unmanned aerial systems and vehicles … from March 1, 2022, to April 11, 2023."

I am challenging the NASIC's 'No Records' final determination and its search adequacy on the following grounds:

1) On March 15, 2022, President Joe Biden signed into law the Intelligence Authorization Act for FY 2022.
2) The overall purpose of the IAA is to provide "funding for the United States Intelligence Community (IC) [and to ensure] that it has the resources, personnel, and authorities it needs to protect the country and inform decision-makers. The IAA also strengthens congressional oversight of the IC's methods of collecting and analyzing information," according to the House Intelligence Committee.
3) **Section 345 of the IAA FY 2022 (Support for and Oversight of Unidentified Aerial Phenomena Task Force) "...** directs the DNI [Director of National Intelligence] and the Secretary of Defense to require each IC [Intelligence Community] element and the Department of Defense to make data relating to unidentified aerial phenomena available immediately to the Unidentified Aerial Phenomena Task Force **and the National Air and Space Intelligence Center."** *[Emphasis added].*
4) The fact that Section 345 of the IAA FY 2022 requires the NASIC to collect UAP data from across the defense and intelligence communities – including, of course, the USAF – makes it difficult to believe that videos depicting UAP are not in the NASIC's possession.
5) Christopher Mellon, a former Assistant Secretary of Defense for Intelligence, wrote last year in a lengthy article titled **'Why is the Air Force AWOL On the UAP Issue?'** that the Air Force historically has been very resistant to UAP transparency. In that article, Mr. Mellon wrote: "There are other recent allegations of USAF resistance to sharing UAP information. I understand that USAF personnel have been warned not

to directly approach the UAP Task Force (or its successor) with UAP information but instead to take any UAP reports to the USAF's National Air and Space Intelligence Center (NASIC)." If these allegations are true, it means that NASIC possesses records responsive to this request.

6) In its response, the NASIC did not indicate where it searched for responsive material within the organization. As such, the agency seemingly did not perform searches in all locations or offices that may contain responsive records; if an agency does not search locations that may hold responsive records, the thoroughness of a records search can be called into question. (Defenders of Wildlife v. U.S. Dep't of Interior, 314 F. Supp.2d 1, 13-14, D.D.C. 2004; Nat'l REs. Def. Council v. U.S. Dep't of Def., 388 F. Supp. 2d. 1086, 1100-1101, C.D. Cal. 2005.) I respectfully ask that the NASIC conduct a new, complete, and thorough search for responsive records.

Before exploring the possibility of litigating this matter, I am open to mediation through the Office of Government Information Services (OGIS), if necessary.

As the statute requires, I greatly appreciate a response to this administrative appeal within 20 business days. Please do not hesitate to contact me should you have any questions concerning this appeal. Thank you very much for your time and attention in this matter.

Sincerely,


Dustin M. Slaughter