**Exhibit 116**

## SLAUGHTER V. USAF - Status of Appeal for Request #2023-03144-F

From: NASIC/KMC ORG BOX <NASICKMCORGBOX@us.af.mil>
Date: On Wed, Jan 31, 2024 at 9:46 AM
Subject: Fw: RE: [Non-DoD Source] Re: Status of Appeal for Request #2023-03144-F
To: Dustin M. Slaughter <dustinslaughter@proton.me>
Cc: NASIC/KMC ORG BOX <NASICKMCORGBOX@us.af.mil>

Good afternoon,

We are now in the stages of processing your appeal. I will redirect this email thread to the NASIC KMC Org Box.

Thank you,

//SIGNED//

NASIC FOIA/AREW

NASIC/ FD, WPAFB

DSN: 937-257-2917



**DEPARTMENT OF THE AIR FORCE**
NATIONAL AIR & SPACE INTELLIGENCE CENTER
WRIGHT-PATTERSON AFB OHIO

31 January 2024

NASIC/SCPD (FOIA)
4180 Watson Way
Wright-Patterson AFB OH 45433-5648

Dustin Slaughter
649 S. Conestoga Street
Philadelphia, Pennsylvania, 19143

Dear Mr. Slaughter

This letter is reference to your Freedom of Information Act (FOIA) Appeal dated 13 December 2023. We have received FOIA Appeal 2024-00040-A on 31 January 2024. Please reference the request number when inquiring about this request. The request seeks the following:

"To Whom It May Concern:

Please consider this a formal appeal pursuant to the Freedom of Information Act regarding FOIA case #2023-03144-F, which seeks:

"All videos submitted by U.S. Air Force personnel to the National Air and Space Intelligence Center pertaining to unidentified aerial phenomena, unidentified aerospace phenomena, unidentified flying objects, and unidentified unmanned aerial systems and vehicles ... from March 1, 2022, to April 11, 2023."

I am challenging the NASIC's 'No Records' final determination and its search adequacy on the following grounds:

1)      On March 15, 2022, President Joe Biden signed into law the Intelligence Authorization Act for FY 2022.
2)      The overall purpose of the IAA is to provide "funding for the United States Intelligence Community {IC) [and to ensure] that it has the resources, personnel, and authorities it needs to protect the country and inform decision-makers. The IAA also strengthens congressional oversight of the IC's methods of collecting and analyzing information," according to the House Intelligence Committee.
3)      Section 345 of the IAA FY 2022 (Support for and Oversight of Unidentified AeriaJ Phenomena Task Force) " ... directs the DNI [Director of National Intelligence) and the Secretary of Defense to require each IC [Intelligence Community] element and the Department of Defense to make data relating to unidentified aerial phenomena available immediately to the Unidentified Aerial Phenomena Task Force and the NationaJ Air and Space Intelligence Center." [Emphasis added}.

4)      The fact that Section 345 of the IAA FY 2022 requires the NASIC to collect UAP data from across the defense and intelligence communities - including, of course, the USAF - makes it difficult to believe that videos depicting UAP are not in the NASIC's possession.

5)      Christopher Mellon, a former Assistant Secretary of Defense for Intelligence, wrote last year in a lengthy article titled 'Why is the Air Force AWOL On the UAP Issue?' that the Air Force historically has been very resistant to UAP transparency. In that article, Mr. Mellon wrote: "There are other recent allegations of USAF resistance to sharing UAP information. I understand that USAF personnel have been warned not to directly approach the UAP Task Force (or its successor) with UAP information but instead to take any UAP reports to the USAF's National Air and Space Intelligence Center (NASIC)." If these allegations are true, it means that NASIC possesses records responsive to this request.

6)      In its response, the NASIC did not indicate where it searched for responsive material within the organization. As such, the agency seemingly did not perform searches in all locations or offices that may contain responsive records; if an agency does not search locations that may hold responsive records, the thoroughness of a records search can be called into question. (Defenders of Wildlife v. U.S. Dep't of Interior, 314

F.      Supp.2d 1, 13-14, D.D.C. 2004; Nat'I REs. Def. Council v. U.S. Dep't of Def., 388 F. Supp. 2d. 1086, 1100-1101, C.D. Cal. 2005.) I respectfully ask that the NASIC conduct a new, complete, and thorough search for responsive records."

Based on the information you have requested; we placed your request in the Complex processing track. A complex request can take substantial time and cause significant. impact on responding units. Complications and delays are likely. Records sought are massive in volume. Multiple organizations must review/coordinate on requested records. Records are classified; originated with a nongovernment source; are part of the Air Force's decision-making process; or are privileged.

We estimate we will provide a response to your request within 30 working days. Our policy is to process requests within their respective tracks in the order in which we receive them. FOIA requests are processed as quickly as possible. We will advise you if we cannot provide a response within the FOIA statutory timeline.

The FOIA Fee Restriction prevents DoD Components from charging commercial or "other" requesters search fees, or representatives of the news media or educational requesters duplication fees if respond do not occur within 20 or 30 working days for unusual circumstances (documents not located with the office processing the FOIA request, the responsive records are voluminous, or required consultation with another agency). Fee restrictions do not apply if responsive records total more than 5,000 pages, and this office has made three or more good-faith attempts to discuss with you, how to effectively limit the scope of your request.

We placed you in the "Other" fee category for processing. Under this category, you may be charged for search and duplication (paper) costs. The first two hours of search time and the first 100 pages of duplication are furnished without charge.

A response is estimated to be sent to you by 30 March 2023.

If you disagree and interpret this response as an adverse action, you may write to the Secretary of the Air Force, Thru: [NASIC/SCPD, 4180 Watson Way, Wight-Patterson AFB, OH 45433-5648] within 90 calendar days from the date of this letter.  Include in the appeal your reasons for reconsideration and attach a copy of this letter. You may also submit your appeal online at the Air Force's Public Access Link:  https://efoia.cce.af.mil/.

You may contact the Air Force FOIA Public Liaison Officer, concerning this final response at Air Force FOIA Public Liaison Office, 1800 Air Force Pentagon, Washington, DC 20330-1800 or usaf.pentagon.saf-cn.mbx.af-foia@mail.mil/ or (703) 614-8500. You may also seek dispute resolution services from the Office of Government Information Services, and can find information on this Office at https://www.archives.gov/ogis//mediation-program/request-assistance.  Using the dispute resolution services, will not affect your appeal rights.

Direct any questions to NASIC.FOIA.Office@us.af.mil or call DSN: 937-257-2917 and reference FOIA request number 2024-00040-A.

Sincerely,

NASIC Freedom of Information Act Office